## Abstract of the Decision.

APPEAL AND ERROR, § 1725*—*binding effect of decision on former appeal.* The decision of the Appellate Court on a former appeal is binding where the identical questions involved in the second appeal were determined on the first appeal.

## Paul K. Brimie, Appellee, v. Belden Manufacturing Company, Appellant.

### Gen. No. 23,177.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed May 14, 1918. Rehearing denied May 24, 1918.

### Statement of the Case.

Action by Paul K. Brimie, plaintiff, against Belden Manufacturing Company, a corporation, defendant, under section 3 of the Workmen's Compensation Act of 1911 (J. & A. ¶ 5451), to recover for personal injuries received while in defendant's employ. From a judgment for plaintiff for $3,200, defendant appeals.

WILKERSON, CASSELS & POTTER, for appellant; RALPH F. POTTER, of counsel.

AMOS W. MARSTON and CHARLES C. SPENCER, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 487*—*when defendant bound by special finding of fact.* A defendant is bound by a special finding of fact

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in response to a special interrogatory where no motion is made to set it aside and no error has been assigned thereon.

---

### William H. Mellin, Defendant in Error, v. Charles H. McDermott, Plaintiff in Error.

#### Gen. No. 23,329.

PRINCIPAL AND AGENT, § 69*—*when commissions for obtaining building loan not recoverable.* There can be no recovery of commissions for obtaining a building loan, under an application providing that the loan should bear interest from the date of application and should be evidenced by judgment principal and interest notes secured by a first mortgage on the property, that the money should be paid out at the discretion of the agent in such instalments and at such stages of progress of the building as the agent might see fit, the final instalment to be paid on completion of the building, where, although the application contained no provision as to a depositary, the agent wrongfully insisted on acting as custodian of the money and was not willing to allow the money to be left with a responsible trust company.

Error to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed. Opinion filed May 14, 1918. *Certiorari* denied by Supreme Court (making opinion final).

CHYTRAUS, HEALY & FROST, for plaintiff in error.

ROBERT F. KOLB and TATGE & TATGE, for defendant in error; FRANK INGRAFFIA, of counsel.

MR. JUSTICE MCDONALD delivered the opinion of the court.

By this writ of error defendant brings up for review and seeks reversal of a judgment for $1,920 entered against him on a directed verdict, in an action of as-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.